[29 NYS3d 325]

In the Matter of ANTHONY C. JONES (Admitted as ANTHONY JONES), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Norma I. Lopez* of counsel), for petitioner.

*Anthony C. Jones,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Anthony Jones was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2000. By order entered February 5, 2008, this Court suspended respondent for failure to register as an attorney since the 2002 to 2003 biennial period in violation of Judiciary Law § 468-a. Respondent did not move for reinstatement to the practice of law.

Before his suspension in New York, on June 27, 2006 (188 NJ 1 [2006]), respondent was temporarily suspended in New Jersey until he paid a fee arbitration award and a $500 sanction. On June 25, 2008 (195 NJ 429 [2008]), the New Jersey Supreme Court censured respondent for commingling personal and trust funds, failing to properly maintain attorney trust account records, and practicing law while ineligible to do so.

Based upon his New Jersey censure, in December 2008, the Departmental Disciplinary Committee (Committee) filed a motion for reciprocal discipline seeking an order of censure based upon the professional misconduct respondent had committed in New Jersey. Respondent did not appear on that motion. By order of January 27, 2009 (2009 NY Slip Op 61961[U]), this Court granted the Committee's motion and publicly censured respondent. This Court's order specifically noted that the order of suspension entered February 5, 2008, based upon respondent's failure to comply with Judiciary Law § 468-a, remained in effect.

On October 21, 2015, the Committee filed a motion to disbar respondent based upon his practicing law while suspended. On December 7, 2015, the same date as the notice of motion for the motion underlying this order, the Committee formally withdrew its motion to disbar.

Now, the Committee seeks an order accepting respondent's resignation from the practice of law and immediately striking his name from the roll of attorneys under Rules of the Appellate Division, First Department (22 NYCRR) § 603.11.

In his affidavit of resignation, sworn to on December 1, 2015, respondent acknowledges that he is aware of a pending investigation by the Committee regarding his violation of this Court's order of suspension by "knowingly and willfully engaging in the unauthorized practice of law." Specifically, respondent admits that the Committee opened an investigation into his conduct after receiving notification that another attorney had received a summons and complaint on behalf of two clients in a landlord-tenant matter dated December 7, 2011; respondent had signed the summons and complaint and affirmed that he was duly licensed to practice law in the courts of the State of New York, with offices in Manhattan, New York. In his October 1, 2013 answer to the complaint, respondent acknowledged that when he undertook representation of the matter, he was not registered and was without justification for having taken on the matter. Respondent continued to represent these two clients throughout 2013.

Respondent acknowledges further that in a deposition conducted by the Committee on May 28, 2015, he admitted that he had also represented a church located in Manhattan, New York, on several matters throughout 2013. Those matters included a foreclosure action, on which respondent appeared in Supreme Court to obtain a stay; a CPLR article 78 proceeding that respondent filed and appeared on; two matters involving New York City, one of which involved an order to show cause that respondent signed, filed, and appeared on; and a 2009 criminal court matter involving a person for whom respondent made a bail application. Finally, respondent admits that he represented a friend in a landlord-tenant matter, beginning in 2010 or 2011 and continuing through 2013, for which he signed a retainer and received legal fees.

Respondent avers that he admitted during his deposition before the Committee that he was aware of his suspension when he undertook the above representations. Respondent acknowledges that if charges were brought based upon the above misconduct, he could not successfully defend himself against them on the merits.

Respondent's affidavit complies with section 603.11 in that he states that his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, including that he cannot apply for reinstatement for seven years after the effective date of his resignation (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 1, 2015.

TOM, J.P., SAXE, MOSKOWITZ, FEINMAN and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 1, 2015.